IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARSHALL L. SHADDIX,

                Plaintiff,                ORDER TO TRANSFER

v.

                                         12-cv-477-wmc

KEETON CORRECTIONS, INC., *et al.*,

                Defendants.

---

        Plaintiff Marshall L. Shaddix has filed a complaint alleging that he was convicted of a disciplinary infraction in violation of his civil rights while in custody at a Residential Re-entry Center (RRC) or half-way house in Florida. Following that disciplinary conviction, Shaddix was transferred from the RRC to the Federal Correctional Institution in Oxford, Wisconsin. The disciplinary conviction was overturned on administrative appeal and Shaddix was released from federal prison on June 12, 2012.[1] Shortly thereafter, Shaddix filed the pending complaint for monetary damages against Keeton Corrections, Inc., which operates the RRC under contract with the United States Bureau of Prisons, and several half-way house employees, including: John Gaither, Lester Harmon, Danna Blount and Tamara Jackson. After reviewing all of the pleadings in this case, this Court concludes that the complaint must be transferred for reasons that follow.

        Shaddix filed his complaint from Alabama, where he currently resides. The complaint and exhibits submitted by Shaddix show that the defendants are located in Pensacola,

---

[1] The facts surrounding the disciplinary proceeding and Shaddix's subsequent release from prison are taken from the federal habeas corpus proceeding that he filed in this district. *See Shaddix v. Werlinger*, 11-cv-833-wmc (W.D. Wis.).

Florida, which is where the disciplinary conviction occurred. Pensacola, which is in Escambia County, is located within the Northern District of Florida. *See* 28 U.S.C. § 89(a). Because neither the parties nor the alleged civil rights violations have any connection to Wisconsin, this court is not the proper venue or location for Shaddix's complaint. *See* 28 U.S.C. § 1391(b).

Where a party has filed a case in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has "broad discretion" in deciding whether to dismiss or transfer a case for improper venue under § 1406(a). *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see also Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (observing that a district court may transfer a case on its own motion under § 1406, and has broad discretion in deciding to do so). So that Shaddix can pursue his claims in the proper forum, the court concludes that the interest of justice would be served by transferring his case to the Northern District of Florida, where the disciplinary conviction occurred and where the defendants are located.

ORDER

IT IS ORDERED that this case shall be TRANSFERRED to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. §§ 1391(b), 1406(a). The clerk of court is directed to docket all of the exhibits filed by plaintiff Marshall Shaddix in Case No. 11-cv-853-wmc to include with the transfer.

Entered this 3rd day of October, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge