IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARSHALL SHADDIX,
    Plaintiff,

vs.                                      Case No. 3:12cv486/LAC/EMT

KEETON CORRECTIONS, INC., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This case filed pursuant to 42 U.S.C. § 1983 is now before the court on Plaintiff's second amended complaint and supporting documents (doc. 22). Leave to proceed in forma pauperis has been granted in this case (doc. 11).

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that

Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal of Plaintiff's claim is warranted.

At the time of the events described in the complaint, Plaintiff was a prisoner of the Federal Bureau of Prisons ("BOP") housed at Keeton Corrections, Inc. ("Keeton"), a residential drug abuse facility located in Pensacola, Florida.  In addition to the facility itself, Plaintiff names four individual Defendants in this action: John Gaither, the Regional Director of Keeton; Lestor Harmon, then-Director at Keeton; and Danna Blount and Tamara Jackson, both caseworkers at Keeton (doc. 22 at 2).

Plaintiff's claim is that he was falsely disciplined in violation of his Fifth Amendment due process rights for the possession or use of a substance identified as "spice," which at the time was not identified as contraband.  He asserts that in April of 2011, Caseworker Danna Blount ordered a drug screening test be performed on Plaintiff because previously Plaintiff had Blount removed as his caseworker on grounds that she racially discriminated against him (doc. 22 at 3).  Plaintiff also states that the drug screening was not approved for inmates by the Bureau of Prisons and that Blount misrepresented that the screening was ordered by other institutional officials when it was actually she who ordered it (id.).  Nevertheless, a disciplinary hearing was held, during which Blount served as chairperson, as authorized by Defendant Lestor Harmon.  Based on the drug screening result which indicated the presence of "spice" in Plaintiff's system, he was found guilty of using narcotics (id.).

As a consequence, Plaintiff was removed from Keeton and placed back into the BOP prison population (id.).  Plaintiff subsequently appealed the disciplinary action, and eventually was successful to the extent that, on March 1, 2012, the Acting Regional Director of the BOP's North Central Regional Office, Amber L. Nelson, found "a procedural error" and remanded the matter to the Disciplinary Hearing Officer for reconsideration.[1]  On April 13, 2012, the Disciplinary Hearing

---

[1] While Nelson did not identify the procedural error, she noted Plaintiff's contentions that drug testing for synthetic marijuana such as "spice" was not authorized under BOP regulations; that Plaintiff was denied witnesses as well as the ability to contact his staff representative while at the disciplinary hearing; that the hearing officer did not provide timely notice that the drug violation would be pursued under a lesser code infraction; and that Defendant Blount should not have served on the disciplinary committee because of the grievances Plaintiff had filed against her (id. at 5).

Officer expunged the disciplinary report due to the administrative errors (*id.* at 9). However, Plaintiff did not actually complete the drug program at Keeton, having participated only for 90 days "in the community" when 120 days were required (*id.*). Evidently because Plaintiff was due to be released from prison shortly thereafter, he did not participate in the drug program at Keeton any further, and he was subsequently released from prison and placed on supervised release.

As relief, Plaintiff seeks to have "the 3621 release date re-instated," to be "taken off" his supervised release date, and monetary and punitive damages (*id.* at 4). Plaintiff refers to 18 U.S.C. § 3621(e), which outlines the BOP substance abuse treatment program, and more particularly, allows for the reduction of a prisoner's time in custody for successful completion of the program. *See* 18 U.S.C. § 3621(e)(2)(B). Thus, Plaintiff requests that he receive the benefit of the reduced sentence that he would have received with successful completion of the drug program, and that he receive that benefit in the form of a reduction of the time on supervised release he is currently serving—which he appears to claim would result in the expiration of his term of supervised release.

Therefore, to be successful in this action, Plaintiff will need to prove that the length of his time on supervised release should be shortened. For this reason, the complaint runs headlong into the holding in Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny, which provide that a prisoner in state custody cannot use a Section 1983 action in order to challenge "the fact or duration of his confinement." *See also* Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Instead, a writ of habeas corpus is the designated avenue for relief. The holding in Heck applies with equal force to those who would challenge their federal convictions or sentences in a Bivens or other federal civil action. *See* Abella v. Rubino, 63 F.3d 1063, 1064–65 (11th Cir. 1995).

As provided in Preiser, the sole remedy in federal court for a prisoner seeking to restore good-time credits or to otherwise shorten the execution of his sentence is through a writ of habeas corpus. *See* Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; *see also* Wolff v. McDonnell, 418 U.S. 539,

---

In an earlier responsive memo dated February 22, 2012, Nelson also identified the above procedural deficiencies, and while she did not convey that they were bona fide errors, she stated that it was not possible to determine from the record whether the proper procedures were followed (*id.* at 6–7).

Case No.: 3:12cv486/LAC/EMT

94 S. Ct. 2963 (1974).  By extension of this principle, the Supreme Court held in Heck that in order to pursue a civil rights action for damages based on an unlawful or invalid conviction or sentence, the litigant must first prove, through habeas corpus, that the conviction or sentence has been overturned.  *See* Heck, 512 U.S. at 486–87, 114 S. Ct. at 2372.  If the civil rights action is brought prior to the invalidation of the challenged conviction or sentence, the action must be dismissed as premature.  *Id.* at 487, 114 S. Ct. at 2372.  The Supreme Court has also applied Heck in the context of civil rights claims that challenge prison disciplinary actions.  *See* Balisok, 520 U.S. at 643–49, 117 S. Ct. at 1586–89 (holding that Heck applies to claims for relief that necessarily imply the invalidity of disciplinary determinations affecting the duration of time to be served, even if the prisoner does not explicitly seek to shorten his sentence).

The fact that Plaintiff has now been released from prison and is now serving a term of supervised release does not alter the Heck analysis.  Although the habeas corpus remedy is available only to those who are "in custody" serving their sentence, an individual on supervised release meets the "in custody" requirement because of the restrictions that are placed on a petitioner's freedom of action or movement.  *See* Alvarez v. Holder, 454 F. App'x 769, 772–73 (11th Cir. 2011) (citing Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963) (parolee still "in custody" of the parole board because the parole order imposed conditions that "significantly confine[d] and restrain[ed] his freedom"; habeas relief may be sought) and Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (incarcerated parolee's challenge to the validity of his conviction can be maintained if a "collateral consequence" of the conviction still exists).  This is particularly so in the instant case because the end result sought by Plaintiff involves the shortening of his term of supervised release.

It also bears noting that, at first glance, Plaintiff appears to have already succeeded in achieving the reversal of his disciplinary hearing, and thus has obtained the necessary invalidation required by Heck.  However, Plaintiff clearly seeks a form of relief different from what he received by the expungement of the charge against him.  He seeks to have the expungement applied to him in a manner that would retroactively alter his release date, and which in turn would cause his discharge from supervised release to be hastened if not immediately effected.  This clearly reaches beyond the relief he was awarded through his administrative efforts with the BOP.  Should it be the

case that he is entitled to the earlier discharge from supervised release, that form of relief would come via habeas corpus.[2]

Because Plaintiff's claims, to be successful, would necessarily result in the lessening of his sentence, the complaint is barred by Heck and should be dismissed without prejudice to allow Plaintiff the opportunity to seek relief through habeas corpus.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 12th day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] More particularly, Plaintiff's avenue of relief would be through a petition for writ of habeas corpus under 28 U.S.C. § 2241, which addresses the execution or carrying out of a prison sentence. Lest it be thought that Plaintiff's successful challenge to the disciplinary hearing was essentially for naught, the court would point out—without so concluding—that Plaintiff's efforts through the BOP may have achieved the necessary exhaustion of administrative remedies that would be a prerequisite to applying for habeas relief.

Case No.: 3:12cv486/LAC/EMT